[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case is an appeal for Review of Assessment of Damages for the taking of an easement of premises owned by the defendant, Alfredo Colagiovanni. The defendant states he is aggrieved because the assessment does not reflect the true and actual difference in the value of his property before and after the taking.
The easement relates to a perpetual easement to slope for the safety of the highway to remove, use or retain excavated material within an area of approximately 581 square feet. The easement is taken by the Commission of Transportation for the reconstruction of Prindle Road in West Haven, Conn.
Both appraisers in this case have used the sales comparison approach before the taking and after the taking to determine the value.
Charles Liberti the appraiser for the defendant submitted his written report. He relied upon three sales of properties within one mile of the subject property. He determined that based upon those comparables the subject property prior to the taking on December 9, 1999 was $142,000 and the market value after the taking to be $113,600. He therefore concluded the difference in value was $28,400.
Mr. Liberti also considered the estimated costs for a retaining wall, replacement of trees, and repairs for damages to the driveway which he estimated would cost approximately $63,290.
Walter Kloss the appraiser for the Department of Transportation relied upon three sales of lots as comparables and concluded the value of the land of the subject property as $18,000. He appraised only the value of the land, and not the fair market value with the improvements thereon. He did consider in his appraisal the replacement cost for seven spruce trees that had to be cut down for the slope. He concluded $7300 was the damage CT Page 15334-cf sustained by the defendant. This opinion was based upon screening which would cost about $7000, and $300 for the change in the elevation of the sloped area.
"[A] trial court may seek aid in the testimony of experts but must ultimately make its own independent determination of fair compensation . . . on the basis of all the circumstances bearing upon value." (Citation omitted, internal quotation marks omitted.) Robinson v. Westport,222 Conn. 402, 412 (1992).
"[T]he trier arrives at his own conclusion as to the value of land by weighing the opinion of the appraisers, the claims of the parties in the light of all the circumstances in evidence bearing on value and his own general knowledge of the elements going to establish value. . . . No single method of valuation is controlling, and the referee is entitled to select the most appropriate one under the facts as he finds them." (Internal quotation marks omitted.) Feigenbaum v. New Britain HousingSite Development Agency, 164 Conn. 254, 261 (1973). "In any assessment case in which the trial court is confronted with conflicting appraisal methods, it is a proper function of the court to give credence to one expert over the other." Newbury Commons Limited Partnership v. Stamford,226 Conn. 92, 99-100 (1993). The credibility of expert witnesses and the weight to be accorded to their testimony are within the province of the trier of facts, who is privileged to adopt whatever testimony he reasonably believes to be credible." Transportation Plaza Associates v.Powers, supra 203 Conn. 378.
"The amount that constitutes just compensation is the market value of the condemned property when put to its highest and best use at the time of the taking. In determining market value, it is proper to consider all those elements which an owner or a prospective purchaser could reasonably urge as affecting the fair price of the land. . . . The fair market value is the price that a willing buyer would pay a willing seller based on the highest and best possible use of the land, assuming, of course that a market exists for such optimal use. The `highest and best use' concept, chiefly employed as a starting point in estimating the value of real estate by appraisers, has to do with the use which will most likely produce the highest market value, greatest financial return, or the most profit from the use of a particular piece of real estate." (Citations omitted; internal quotation marks omitted.) Robinson v. Westport, supra,222 Conn. 405-406.
"Under our law, a state referee sitting as a court on appeals in condemnation cases is more than just a trier of fact or an arbitrator of differing opinions of witnesses. He is charged by the General Statutes CT Page 15334-cg and the decisions of this court with the duty of making an independent determination of value and fair compensation in the light of all the circumstances, the evidence, his general knowledge and his viewing of the premises . . . Thus there is effective legislative sanction for the authority of the referee independently to determine a value for condemned property which is less than that . . . agreed on between the condemnee and the taking authority." (Internal quotation marks omitted.) Mincucci v.Commissioner of Transportation, 211 Conn. 382, 388 (1989).
The appraisal of Charles Liberti is more representative of the fair market value of the improved property and therefore the court accepts his value of $28,400 as the loss of value to the property. The court also finds the replacement of the trees as a screen and for safety reasons would cost $10,000.
The court concludes from all the evidence presented the damage to the property after the taking is $38,400. Accordingly, the court increases the assessment in the amount of $31,100 above the amount of the deposit with interest at the rate of 8% from the date of notice of the taking.
The court awards the sum of $1650 for appraiser fees plus costs.
 ___________________ Howard F. Zoarski Judge Trial Referee
CT Page 15334-ch